IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NASH N. TUTEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF SAVANNAH, DETECTIVE ) <br> J. GAUSE, OFC. SKAFF, OFC. ) <br> BELFOIRE, OFC. GESILER, OFC. ) <br> TAYLORY, and CAPT. M. SCANZ, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CV422-0151 |

**O R D E R**

On June 17, 2022, Plaintiff Nash N. Tuten filed this complaint alleging Defendants committed various constitutional torts against him. (Doc. 1 at 5.) On June 21, 2022, the Clerk of Court informed Plaintiff that his filing was deficient because he did not pay the required filing fee or file a motion to proceed in forma pauperis. (Doc. 2 at 1.) The Clerk of Court notified Plaintiff that failure to cure this deficiency within 21 days could result in dismissal of his complaint. (Id.) The deadline for Plaintiff to respond has passed, and Plaintiff has taken no further action in this case.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." Foudy v. Indian River Cnty. Sheriff's Off., 845 F.3d 1117, 1126 (11th Cir. 2017) (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). As the Supreme Court has stated, "[t]he power to invoke

this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). Similarly, under Local Rule 41.1(b) and (c) "the assigned Judge may, after notice to counsel of record, sua sponte, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice" for "[w]illful disobedience or neglect of any order of the Court; or . . . [a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1.

In this case, the Court finds that Plaintiff has shown an unwillingness to comply with the orders of this Court and therefore, that dismissal is warranted.[1] See Aitken v. Florida, No. 5:21-cv-205-TKW/MJF, 2022 WL 447577, at *2 (N.D. Fla. Jan. 19, 2022) (dismissing pro se case for failure to pay filing fee and

---

[1] The Court notes that, by its count, this is the seventh complaint Plaintiff has filed in this district in the last four months alone, many of which raise seemingly identical claims against the same defendants. Compare Tuten v. Skaff, CV422-095, Doc. 1 at 5 (S.D. Ga. Apr. 14, 2022) (suing Officer Skaff and Captain Scanz, among others, for use of excessive force), with (Doc. 1 at 5 (alleging Officer Skaff and Captain Scanz, among others, violated his Eighth Amendment rights through the use of excessive force)). Plaintiff is warned that the Court will not hesitate to impose sanctions on Plaintiff, including filing restrictions, if it believes such action is necessary to protect against the time-consuming task of dealing with abusive filings. See Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) (explaining that "[f]rivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants").

comply with the court's show cause order). Accordingly, Plaintiff's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 15th day of July 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA